Tucker, P.
I also concur in the opinion, that the circuit court was right in refusing a new trial in this case. Indeed, though I have always doubted the policy of repealing the statute of 1758, believing that a statute of frauds is full as necessary in relation to gifts of slaves, as it ever was in relation to contracts for the sale of lands, and though I have always, of course, leaned against the claimant, unless- the gift was sustained by very clear proof, yet, in this case, I think the *127 jury were right in their inference from the facts. The fact, that the father said to his daughter “Go and fetch your negro girl home when you please,” amounted both to an acknowledgment of a gift, and to a delivery of possession, as soon as the donee did get possession. She did go in a short time, and took the girl, and kept her till her death. This delivery of possession rendered the gift complete, unless we are to consider it as limited and controlled by the mother’s declaration “ that she did not give her the negro girl, but only lent her.” But there is no proof, that the mother was authorized by her husband so to limit and control the delivery, and thereby, in effect, to revoke the express gift which he had made but a short time before. As to the subsequent refusal of the father to execute a deed, that cannot affect the title of Handley, which had become vested and complete by the prior transaction.
Judgment affirmed.